The first case on the call of the docket is agenda number one number one two three zero one zero people the state of Illinois versus Daryl Dorsey appearing for the appellant is Brian Michael Reno Brian Morning your honors Nice to see you again Brian May it please the court My name is Brian right on behalf of the appellant mr. Daryl Dorsey and the office of the state of health fender The primary question in this case Is whether eligibility for statutory sentencing credit should be considered at the leave to file stage of post-conviction Proceedings and determining whether you can all fender As a defacto life sentence In 2017 before this court decided buffer The first district appellate court found that Daryl Dorsey's 76 year sentence for an offense. He received For a crime he committed when he was 14 years old was not an unconstitutional defacto life sentence And that therefore Dorsey failed to establish prejudice for purposes of filing successive post-conviction petition however The appellate court acknowledged it was unsure of whether it should have considered the possibility of sentence credit in reaching its conclusion despite this uncertainty The court assumed Dorsey received all of the credit for which he was eligible and effectively treated his sentence 76 years on as a 38 year sentence Since the appellate decision below Four divisions of the first district appellate court have published a total of six opinions addressing this precise issue and all six of those opinions have found Eligibility for sentence credit irrelevant to whether a defendant has a defacto life sentence The first of those published opinions Kika Was written by the same justice that wrote the majority opinion in this case But after this court released buffer and after further examination of the sentence credit scheme at issue Peacock and the published appellate opinions that followed are thorough and well reasoned The receipt of sentence credit is too uncertain and outside of the court's control To be considered in determining whether a particular sentence constitutes a defacto life sentence particularly at the lead to file stage The receipt of sentence credit is entirely within the control of the Department of Corrections And can be revoked at any time by clearing just a low evidentiary bar This makes it unlikely the petitioner would know how much credit they will ultimately earn when they request leave to file a successive petition Here mr. Dorsey's full 76 year sentence is hanging over his head It was imposed under a belief you have served 100% of the sentence and qualifies as a de facto life sentence under buffer Because Dorsey had a pretty low case of showing of a de facto life sentence he established prejudice for filing successive petition The state will argue that eligibility for sentence credit should be considered in this context Because it provides the same type of meaningful opportunity for release as parole and contemplated by Miller and Montgomery However The appellate court has recognized that the receipt of sentence credit is unrelated to rehabilitation Because unlike role which is based on a comprehensive evaluation of a prisoner's character and conduct The receipt of sentence credit is based exclusively on compliance with prison rules Without any consideration of a defendant's overall conduct and what type of proactive measures the prisoners taken to better Him or herself Sentence credit is not cannot be considered to serve the same purpose as parole The two cases the state relies on a second district fellow case holds out in an 11th Circuit case Matherin In support of this argument that sentence credit is akin to parole Do not hold that holds out Found that sentence credit Facilitates compliance with prison rules and Matherin did not address the Illinois scheme and actually involved a federal statute that required consideration of the defendants overall conduct before credit to be revoked Moreover the regulatory provisions in the multi-step process defined by them that the state relies upon Were already considered by the appellate court Hill, Figueroa, and Casabilla all considered The regulations regarding the revocation of sentence credit and found that they're unrelated to rehabilitative potential and non-adequate substitute for parole Dorsey's is asking this court to make a bright line rule that The eligibility for statutory sentence credit should not be considered at the leap to file stage Additionally, Mr. Dorsey made a prima facie showing of an unconstitutional sentencing here The sentence here was imposed without full consideration of the juvenile sentencing factors spouse and Miller and Codified by the Illinois legislature At sentencing the judge mentioned mentioned Mr. Dorsey's youth But stressed the great gang related nature of the crime and the severity of the crime and in fact considered the gang elements particularly aggravated where Under the Miller sentencing factors. This should have been considered as a mitigating factor The court did not consider Mr. Dorsey's particularized ability to consider the risks and consequences of his behavior or the higher rehabilitative capacity of children The failure of the trial court to consider Mr. Dorsey's individualized characteristics Differentiate this case from Holman and Lusky In those cases all of the available evidence That could have been considered was but here the trial court failed to show consideration of testimony Given by a psychiatrist, a psychologist, and a parole officer that related specifically to Mr. Dorsey's rehabilitative potential The Psychologist testified that Mr. Dorsey was vulnerable to the influence as he was a passive child He was vulnerable to the influence of older adults Such as gang members, which is particularly relevant here because the state's whole theory of the case was that this was a gang-motivated shooting And again, this should have been considered as mitigating The psychologist also found that Mr. Dorsey was a man of multi-rehabilitation The psychiatrist found that Mr. Dorsey had a better than average intellectual capacity or ability and more tendency to feel Concerned for others or empathy which also Demonstrates a rehabilitative potential The probation officer testified that Dorsey should not go to the Adult criminal system, that he had a neglectful family, that there were court services that were available to him that he had not had the opportunity to utilize For those reasons, Mr. Dorsey also made a prima facie showing that the sentencing hearing was unconstitutional Where Dorsey made a prima facie showing of both a de facto life sentence and an unconstitutional sentencing hearing his post conviction pleadings were sufficient to survive the Preliminary leave to file stage For that reason, your honors, I would ask that you reverse the appellate court opinion and Remand this case for a new sentencing hearing or for further post conviction proceedings or For an evidentiary hearing Applying retroactively the new parole statute to give Mr. Dorsey an opportunity to prove rehabilitation Counsel, can I ask you a question? If you have a 16-year-old defendant who receives a 41-year sentence with day-for-day credit that person is eligible for release with day-for-day credit no later than 37 years of age How is that a de facto life sentence when we're talking about Miller and his progeny discuss sentencing schemes and not actual sentences imposed? Right, your honor, so I just want to make sure I understand the question the this defendant has received a 41-year sentence, right? And it's eligible for release after 37 years, right? Okay Well, not not after 37 years at 37 years of age. Oh I see Well in that case, I mean your honor in buffer this court Rejected the argument that a de facto life sentence should be defined by a prisoner's life expectancy or the actuarial table type analysis and the actual amount of time served so The focus and buffer was strictly on the sentence imposed by the court So if you have a 16 year old defendant who received a 40 year sentence He might be eligible for release at 37, but that's not guaranteed and The 41-year sentence that your honor said is over the line in buffer Any other questions? Counsel, are you through? If you have no further questions, your honors I would ask you to remand for a new sentencing hearing or further post conviction proceedings or apply the parole statute retroactive Thank You, Mr. Vaino Thank you, your honors Counsel for the a poli Gopi Koshuk Good morning, your honors. May it please the court. I am Gopi Koshuk on behalf of the people of the state of Illinois The question before the court and I think we need to step back and take a look at it is is an eighth amendment question And it is one that the United States Supreme Court has Defined if the question of whether Miller applies to a particular Sentence is whether The state has denied the offender a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation Before the end of his life So if the state has imposed that sentence a sentence of lifetime imprisonment without the possibility of parole then the sentence falls within Miller if the state has not provided that sentence and it does not fall within Miller and this court in buffer addressed that question it addressed how long is a sentence where it will deny the offender a Meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation and the court answered that question and said That a sentence that requires an offender to spend 40 years or less in prison Provides him a meaningful opportunity to obtain release and so here the question is whether petitioner received a sentence that Requires him to spend more than 40 years in prison before he has a meaningful opportunity for release And we must look at the statutory scheme in answering that question as Justice Burke just noticed Miller is all about mandatory sentencing schemes the language of Miller itself focuses on that and We can't look at just the sentence that the trial court imposed and that's clear from Graham and it's clear from Miller Graham itself Cited Rommel versus Estelle and explained that even though a trial court Can impose a life sentence and may actually impose a life sentence in Rommel it was life in the penitentiary that doesn't mean that the defendant or the petitioner here is actually going to serve a life sentence and Provided some opportunity for release before the end of that term, then the sentences are qualitatively different That is what Graham explained and that is what we have here. The maximum judicially imposed sentence here is 76 years That is the end date. That is when you know his sentence ends, but that is not the final answer we must look at the scheme under which he was sentenced because it matters what the legislature intended and The legislature here intended for him for petitioner to be released after 38 years it under this scheme of statutory credit the offender must Get is automatically entitled to the statutory credit. It must be awarded. It is guaranteed. It is not something that He becomes eligible for it is something that is a part of his sentence This court has observed that when it's evaluated the scheme years ago And it is something that cannot be taken away arbitrarily or without protections And in fact, he has a due process protection against any revocation But the scheme provides him an opportunity after 38 years The opportunity is realistic because the sentence credit must be awarded to him and he knows at the outset that it will be awarded to him And so the only question then is whether it is based on demonstrated rehabilitation and maturity and and we would say that a Person's behavior in prison is indicative of their readiness for release It is indicative of future recidivism. It is the best evidence that a person Has changed and has learned to conform their conduct to a set of rules in wolf versus McDonald The US Supreme Court made this observation about a credit scheme It specifically said it is a tool used by prisons to rehabilitate. It's long been used. This is not a new scheme Good conduct credits schemes have been in existence for a hundred years And they're all used for the same purpose. It is to ensure that we can have an offender Learn to comply with rules, which will then indicate whether they can comply with rules in society and so For here the petitioner Through his good behavior in prison can show that you can conform his conduct to societal rules and be safely released into society It's important to note that this this rationale that the fact that Good conduct in prison is an indicator of You know future recidivism is not unique to a credit scheme It's something that is also taken into account in a discretionary parole system a parole board will always consider it in institutional petitioners or a prisoner's institutional record and look at the Disciplinary offenses that were committed and make that determination on whether they are ready for release using the very same facts So Petitioner has a meaningful opportunity for release that release Is based on his demonstrated maturity and rehabilitation and it occurs before he spends more than 40 years in prison and so we so it's not a de facto life sentence and He didn't make a prima facie showing of prejudice and so the court Should deny should affirm that courts judgment denying him leave You know, I want to focus on a couple things that were brought up about You know, whether you look at the eligibility or or whether on things that occur after so The arguments that the you know I think the appellate districts have made and fishers making center on what happens after the opportunity has been provided Not on whether an opportunity has been provided So an offender might not earn released as first opportunity under a day-for-day credit scheme, right? I mean there may be his own misconduct might make it so that first opportunity is thwarted But that would happen in a pool scheme as well where an offender might commit multiple Violations in prison and then a parole board might say that the first opportunity Should be denied and but here, you know that first opportunity occurs And then he has another one and another one and he can continue to to modify his behavior To a point where then he can obtain release And I think you know It must be remembered that the US Supreme Court has said that parole itself is fine And the trial court has no control over whether an offender will obtain parole the trial court imposes a maximum sentence in a pool scheme and Then the parole board looks at lots of things and decides whether to release the prisoner It will look at an institutional record. It will look at disciplinary offenses The US Supreme Court in Greenhalgh said that's a critical factor to any parole determination But it also looks at other things like the seriousness of the crime itself any past criminal record victim impact statements and Myriad other factors that might counsel against parole at the time Here our legislature has said that all petitioner needs to do is conform his conduct to the prison rules And he will be released after 38 years The systems are not particularly different I think there have been focuses on collateral consequences and Whether You know a credit scheme because it's a collateral consequence of a conviction can't be, you know considered at all But parole is also a collateral consequence of a conviction And trial, you know, as we've said trial courts have no control over whether the person will be released Both systems promote the rehabilitative goals of prison And so there isn't that much distinction from the perspective of Miller on whether the person Between the systems on whether the person has a meaningful opportunity to obtain release The system here is designed to release the offender I think we've had some discussions or petitioner has cited some cases which talk about How the credit can just be revoked and how there aren't protections against it, but there are there significant protections against it They're protected by the due process clause The I'm putting aside the due process clause for a moment. The offenses themselves are listed They're categorized and no and an offender has noticed What behavior can result in good conduct credit revocation? The behavior must be major violations Those are listed in the state in the regulations Not every rule violation will lead to a revocation and over time the person would have to accumulate many Violations to extend his sentence to the point where it goes beyond 40 years But that still doesn't negate that the opportunity was given at the time When he was sentenced and That he can earn that back over time through growth and rehabilitation and if an offender has committed multiple violations It's not clear that we can you know that any person would say that he's ready for release Even within the scheme they've separated major and minor rule violations, so we don't revoke credit for minor violations But then even a revocation has to come you know come forward this very extensive statutory process which we've outlined It's a multi-state process that comports with the due process clause You even get an extra layer of protection from the prisoner review board if more than 30 days of credit are at issue There's a grievance process to appeal any determination and then there's judicial review to ensure the constitutional rights are protected You know at bottom there's nothing to suggest that the system provides any less meaningful opportunity for release than a discretionary parole system In which none of the procedures are required and the right itself is an exercise of grace and There's a limited opportunity to be heard and the statement of the reasons for denial is all that's required So We believe that petitioner has not satisfied The prison did not show prejudice because his sentence itself based on a statutory scheme and the one that was imposed by the court Is not functionally equivalent to lifetime imprisonment without the possibility of parole And so for that reason he should This court should affirm the appellate court's judgment I'd like to turn quickly just to the second issue on the proportionate penalties claim just to and There's been one. I wanted to say the claim is forfeited the appellate court didn't consider it. It wasn't in counsel's briefing. It was And there was a passing reference to the provision, but but there was no argument made Putting all that to the side, you know that the trial court imposed a sentence That was within the statutory limits it considered all the factors that were before it the appellate court Affirmed the sentence on direct appeal when it concluded that it did it was not excessive and it applied the very Standard that applies to penalties provision claims And so there is a ratio to cut a bar here and I and even Miller isn't enough to overcome that Miller itself is about a substantive legal right And the legal right does not apply to sentences of less than life without parole This court and so for that reason, you know, he can't petition can't get relief on the 8th amendment as we've discussed But so he can't use Miller to then gain relief under the penalties clause. They're they're different And the reply rate petitioner had cited Thompson and I want to just clarify that Thompson did not open the door to Saying that Miller provides cause to raise the penalties provision claim, you know In fact in paragraph 44 the court expressly said we express no opinion on the merits of any such claim Thompson was a case where you Person over the age of 18 had tried to raise the Miller Challenge or penalties provision challenge and a Miller challenge to his mandatory sentence And in a 214-01 petition not in a 214-01 I'm sorry on appeal from a 214-01 petition and the court just clarified that the appropriate vehicle for that claim is in Opposed under the post conviction hearing act the court made clear that it was not expressing no opinion on What would happen if he filed a post conviction hearing petition? and finally, I think counsel alluded to you know, the sentencing hearing itself and we would note that some of the evidence that he cites now Was considered by the trial court The defense counsel specifically said that the trial court was aware of the transfer hearing proceedings and the evidence presented therein And so the trial court did consider that and it considered all the factors The standards under the penalties provision are clear. They've been in place for over 40 years And The trial court considered use it considered the mitigating factors. It considered everything that was presented the petitioner's offenses were serious and caused significant harm and were unprovoked and You know endangered the lives of others and so under our Constitution The score is repeatedly held and the appellate court is repeatedly held That the seriousness of the offense can be weighed greater than the rehabilitative potential defender And so the sentence passes constitutional muster under the penalties provision as well Unless the court has any further questions we asked We asked the court to affirm the appellate court's judgment Thank You, Miss Kashuk Counsel for the appellant. Mr. Reyna, you may proceed Thank you, your honors Your honors Counsel stated that the legislature Legislature intended for mr. Dorsey to be released after 38 years because sentencing credit must be awarded  the Credit is subject to the Revocation that's that's well recognized All of these appellate opinions that have addressed this issue have found that the receipt of credit is uncertain and Illinois courts for More than 50 years have found just generally that the receipt the sentence credit is not a certainty So in regard to the question I was asked about a 41 year sentence Saying the 16 year old would be released at 37 Assumes that the credit Will all be received and there's no Reason for that presumption that 16 year old would be released at 57 with a 41 year sentence Which given the prison conditions and the health care system in the prison Is a significant You know you could be considered it more in Like a geriatric type release maybe somebody in normal society Who hasn't spent that kind of time in prison wouldn't be considered that at 57 But the conditions of prison are have been found to wear on offenders physical health Counsel yes, your honor you mentioned certainty with the Credit system well parole system. That's not a certainty either is it? It's It's an opportunity that is based on demonstrated rehabilitation so if the offender Doesn't do anything to better themselves to make themselves a productive Someone who could be a productive member of society They won't they won't obtain parole But sentence credit doesn't require the prisoner to make any kind of proactive effort to become a better person Simply complying with prison rules It doesn't Need somebody one way or another be better or worse in in society you can lose good time credit based on Misunderstanding a mistake You could just learn how not to get Cited for infractions, but by maybe knowing when certain prison guards are going to be around and trying to avoid them But I Agree with counsel that it has some relevance to the overall analysis at a parole here, but it's not an end-all be-all to parole because It doesn't relate to rehabilitation so while it's a factor of parole On its own it is not an opportunity for release based on rehabilitation It's also very easy Counsel has suggested that you'd have to lose several make several infractions to lose enough good time to take yourself out of the Acceptable sentencing range, but it's pretty easy to lose significant amount of time for just a few infractions. I mean most of the infractions are Penalties are three months six months or a year So just just a small number of infractions can result in a significant loss of good time I also believe counsel mentioned that And forgive me if I misheard counsel, but I thought you said that the sentencing court during sentencing stated that Was aware of the transfer hearing proceedings. I know we both cited the judges comments of sentencing in their entirety and My recollection is that the judge did not say that he did not say that you took notice of the Transfer proceedings and didn't consider any of the testimony that was given Didn't show consideration of any of the testimony given at that year so Regarding the proportion of penalties claim We obviously in the appellate court we focused on the Eighth Amendment the reason for that is because Mr. Dorsey falls as a 14 year old falls squarely under Miller and a lot of the cases involving proportionate penalties relief Involve questions of whether Miller applies because in most of those cases the juvenile Excuse me. The defendant is not necessarily a juvenile So we did cite the Illinois Constitution the proportion of penalties clause below, but we did focus on the Eighth Amendment the argument It's not forfeited though. We didn't include it in our briefs in the appellate court I Believe that's all I have your honors unless you have any further questions Thank you Case number one two three zero one zero people the state of Illinois versus Darryl Dorsey will be taken under advisement as agenda number one Mr. Reyna and miss kosher. Thank you very much for your oral arguments